UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/2022
```

JOHN DOE,

                Plaintiff,

  -against-

SARAH LAWRENCE COLLEGE,

                Defendant.

22-cv-05905 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff John Doe ("Plaintiff") moves for leave of Court to proceed in this action using pseudonyms for himself and another student relating to allegations of sexual assault. Additionally, Plaintiff seeks a protective order precluding Sarah Lawrence College ("Defendant") from disclosing Plaintiff's identity. The motion is unopposed. For the following reasons, Plaintiff's motion is GRANTED.

## **LEGAL STANDARD**

    Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "[I]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id*. at 189 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). There are, however, limited exceptions which permit the use of pseudonyms. *See Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (allowing pseudonyms to be used to protect the privacy interest of a plaintiff who is a minor).

*In Sealed Plaintiff*, the Second Circuit adopted the Ninth Circuit's approach regarding the use of pseudonyms in pleadings, namely that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity."  537 F.3d at 189 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). Therefore, "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant."  *Id*.

When undertaking such a balancing test, district courts should consider but are not limited to:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . ; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal citations omitted).  While no one factor is dispositive, consideration of such factors assist the court in balancing the competing interest of public scrutiny of judicial proceedings, plaintiff's interest in anonymity, and prejudice to the opposing party.  *Id*.  Thus, in its analysis, the Court need only consider applicable factors.  Additionally, courts have some discretion in the granting of an application to prosecute an action under a pseudonym.  *Doe v.*

*Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) ("It is within a court's discretion to allow a plaintiff to proceed anonymously.").

## DISCUSSION

There is little question that the instant case involves matters that are highly sensitive or of a personal nature. The allegations in the complaint concern the actions of a private educational institution concerning its handling of an alleged sexual assault. Allegations of sexual assault are generally inherently sensitive and private in nature. Public exposure of the incident for both the victim and the accused, at this stage, may be personally damaging. Public disclosure of the alleged victim's identity could result in psychological trauma. "[C]ourts have recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes." *Doe v. City of N.Y..*, No. 18-cv-670 (ARR) (JO), 2020 U.S. Dist. LEXIS 4655, at *12 (E.D.N.Y. Jan. 9, 2020). Similarly, should Plaintiff, the accused, prevail on his claims, the risk of harm is substantial. Lastly, Defendant would not be prejudiced by permitting the Plaintiff to proceed by use of a pseudonym and such use would not only protect the confidentiality of the Plaintiff, but, more importantly, also protect the confidentiality of the alleged victim. Upon due consideration of all the relevant factors, the Court determines they weigh in favor of permitting the use of pseudonyms.

## CONCLUSION

For all the reasons given, the motion is GRANTED. Plaintiff is permitted to proceed under the pseudonym of "John Doe," and the alleged victim in this proceeding shall be identified as "Jane Roe." It is further hereby

ORDERED that Defendant, including its agents, employees, and representatives, is precluded from disclosing Plaintiff's and Jane Roe's identities, in court filings or otherwise.

The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 4, and to issue the summons to Defendant.

Dated: July 20, 2022  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge